Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2473 S. Higley Road
Suite 104, #308
Gilbert, Arizona 85297
Office:  (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **Vicky W. Chan;** | ) | No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **FIRST AMENDED** |
| | ) | **COMPLAINT** |
| **Unifund C.C.R. Partners,** | ) | |
| a New York Partnership; | ) | |
| **The Hameroff Law Firm, P.C.** | ) | |
| an Arizona corporation; | ) | |
| | ) | (Jury Trial Demanded) |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Vicky W. Chan, by and through counsel undersigned and in good faith, alleges as follows:

**I.   PRELIMINARY STATEMENT**

1.   Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"). In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendants engaged in deceptive, unfair and / or abusive debt collection

1    practices in violation of the FDCPA.    Plaintiff
2    accordingly seeks to recover actual damages, and
3    statutory damages, as well as reasonable attorney's fees
4    and costs.

5                    **II.   STATUTORY STRUCTURE OF FDCPA.**

6  2.  Congress passed the FDCPA to eliminate abusive debt
7     collection practices by debt collectors, to insure that
8     those debt collectors who refrain from using abusive
9     debt collection practices are not competitively
10    disadvantaged, and to promote consistent state action to
11    protect consumers against debt collection abuses. FDCPA
12    § 1692.

13 3.  The FDCPA is designed to protect consumers who have been
14    victimized by unscrupulous debt collectors regardless of
15    whether a valid debt exists.   Baker v. G.C. Services
16    Corp., 677 F.2d 775, 777 (9th Cir. 1982).

17 4.  The FDCPA defines a "consumer" as any natural person
18    obligated or allegedly obligated to pay any debt.  FDCPA
19    § 1692a(3).

20 5.  The FDCPA defines "debt" as any obligation or alleged
21    obligation of a consumer to pay money arising out of a
22    transaction in which the money, property, insurance, or
23    services which are the subject or the transaction are
24    primarily for personal, family, or household purposes.
25    FDCPA § 1692a(5).

26 6.  The FDCPA defines "debt collector' as  any person who

1    uses any instrumentality of interstate commerce or the

2    mails in any business the principal purpose of which is

3    the collection  of any debts, or who regularly collects

4    or attempts to collect, directly or indirectly, debts

5    owed or due or asserted to be owed or due to another.

6    FDCPA § 1692a(6).

7    7. Any debt collector who fails to comply with the

8    provisions of the FDCPA is liable for any actual damage

9    sustained; statutory damages up to $1,000; attorney's

10    fees as determined by the Court and costs of the action.

11    FDCPA § 1692k.

12    **III.  JURISDICTION**

13    8. Jurisdiction of this Court, over this action and the

14    parties herein, arises under 15 U.S.C. §1692k(d)

15    (FDCPA), and 28 U.S.C. §1337. Venue lies in the Phoenix

16    Division of the District of Arizona as Plaintiff's

17    claims arose from acts of the Defendants perpetrated

18    therein.

19    **IV.  PARTIES**

20    9. Plaintiff is a citizen of Maricopa County, Arizona.

21    10. Plaintiff is allegedly obligated to pay a consumer debt.

22    11. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23    12. Defendant Unifund C.C.R. Partners (hereinafter

24    "Unifund") is a New York Partnership.

25    13. Unifund regularly conducts business in Arizona

26    collecting debts it has purchased after default.

14. Unifund has not registered with the Arizona Corporation Commission to do business within the state of Arizona.

15. Unifund is licensed as a collection agency by the Arizona State Banking Department, license number 0907503. Unifund regularly collects or attempts to collect debts it has purchased after default.

16. Unifund is a "debt collector" as defined by FDCPA §1692a(6).

17. Defendant The Hameroff Law Firm, P.C. (hereinafter "Hameroff") is an Arizona professional corporation registered and doing business in the State of Arizona as a law firm.

18. Hameroff regularly collects or attempts to collect debts owed or asserted to be owed or due another.

19. Hameroff is a "debt collector" as defined by FDCPA §1692a(6).

20. At all times relevant herein, Hameroff was acting on behalf of and as an agent for Unifund.

## V.   FACTUAL ALLEGATIONS

21. In or about June 2005, Unifund sent Plaintiff a collection letter concerning a debt it allegedly purchased from CitiBank.

22. This letter was the first communication Plaintiff received from Unifund concerning the CitiBank account.

23. Within thirty (30) days after receiving the letter from Unifund, Plaintiff sent a letter to Unifund disputing

the debt, and requesting verification.

24. Unifund never provided Plaintiff verification of the CitiBank account as she had previously requested.

25. Upon information and belief, Unifund reported the CitiBank account to Plaintiff's credit report(s) without first providing verification of the debt.

26. Upon information and belief, when Unifund reported the CitiBank account to Plaintiff's credit report(s), it failed to notify the credit bureau(s) that Plaintiff disputed the debt.

27. In or about May 2005, Plaintiff also received a collection letter from Hameroff concerning the CitiBank account.

28. This letter was the first communication Plaintiff received from Hameroff concerning the CitiBank account.

29. Within thirty (30) days after receiving the letter from Hameroff, Plaintiff sent a letter to Hameroff disputing the debt, and requesting verification.

30. On or about March 28, 2006, Hameroff sent Plaintiff a collection letter together with an Affidavit of Indebtedness allegedly signed by Bharati Lengade, media supervisor for Unifund, a statement prepared by Unifund, and four billing statements purportedly from CitiBank.

31. The documentation provided by Hameroff showed that the CitiBank account had been in default since at least September 2002.

32. Hameroff never provided Plaintiff verification that Unifund had purchased and presently owned the CitiBank account as it claimed.

33. On or about April 11, 2006, Hameroff prepared a summons and complaint on behalf of Unifund alleging Plaintiff was indebted to Unifund in the amount of $4,501.92 plus interest of $3,048.45 as of June 6, 2005.

34. On April 14, 2006, Hameroff filed the summons and complaint against Plaintiff in the San Marcos Justice Court.

35. Hameroff attached to the Justice Court complaint the Affidavit of Indebtedness signed by Lengade.

36. Lengade states in he sworn affidavit that Plaintiff is indebted to Unifund in the amount of $7,842.29, which includes principal of $4,501.92 and interest through June 7, 2005 of $3,340.37.

37. The amount alleged to be owed in the Complaint conflicts with the amount stated in the sworn affidavit.

38. At the time the Justice Court action was filed, the CitiBank account had been in default more than three years, and the statute of limitation had expired.

39. As a result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages, including, but not limited to, emotional distress, humiliation, and/or embarrassment.

40. Defendants' actions were intentional, willful, and in

1  gross or reckless disregard of the rights of Plaintiff

2  and part of its persistent and routine practice of debt

3  collection.

4  41.  In the alternative, Defendants' actions were negligent.

5  **VI.   CAUSES OF ACTION**

6  **a.   Fair Debt Collection Practices Act**

7  42.  Plaintiff repeats, re-alleges, and incorporates by

8  reference the foregoing paragraphs.

9  43.  Defendants' violations of the FDCPA include, but are not

10  necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A),

11  1692e(8), 1692e(10), 1692f(1), and 1692g.

12  44.  As a direct result and proximate cause of Defendants'

13  violations of the FDCPA, Plaintiff has suffered actual

14  damages for which Defendants are liable.

15  **VII.   DEMAND FOR JURY TRIAL**

16  Plaintiff hereby demands a jury trial on all issues so

17  triable.

18  **VIII.   PRAYER FOR RELIEF**

19  WHEREFORE, Plaintiff requests that judgment be entered

20  against each Defendant for:

21  a)   Statutory damages of $1,000 pursuant to §1692k;

22  b)   Actual damages in an amount to be determined at

23  trial;

24  c)   Costs and reasonable attorney's fees pursuant to

25  §1692k; and

26

1    d)   Such other relief as may be just and proper.

2

3    DATED   __June 22, 2006__.

4                         **FLOYD W. BYBEE, PLLC**

5

6                          __s/ Floyd W. Bybee__
                         Floyd W. Bybee, #012651
7                        2473 S. Higley Road
                         Suite 104, #308
8                        Gilbert, Arizona 85297
                         Office:  (480) 756-8822
9                        Fax: (480) 756-8882
                         floyd@bybeelaw.com
10
                         Attorney for Plaintiff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26